IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-442-FL

| | |
|---|---|
| TIMOTHY HALL and ESTELLE B. HALL, | ) |
| Plaintiffs, | ) |
| v. | ) ORDER |
| TORT CLAIMS COORDINATOR U.S.P.S. GREENSBORO DISTRICT, | ) |
| Defendant. | ) |

This matter is before the court for review of plaintiffs' pro se complaint (DE 1), pursuant to 28 U.S.C. § 1915(e), and on plaintiff's motions for leave to manually file DVD and to change defendant's name. (DE 5, 9, 10).

United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiffs' complaint. (DE 7). Plaintiff Timothy Hall subsequently filed two of the instant motions, but did not otherwise file objections to the M&R. (DE 9, 10; see also DE 5 (also seeking leave to manually file video evidence)). The time within which to make any objection has since expired. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, and dismisses plaintiffs' complaint.

Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins.

Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The magistrate judge recommends dismissal of plaintiffs' action on the ground that the court lacks jurisdiction. Upon careful review of the M&R and the record in this case, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. Though plaintiffs do not explicitly provide for the basis of jurisdiction, based on their naming Tort Claims Coordinator U.S.P.S. Greensboro District as defendant, as well as the substance of their claim, plaintiffs appear to allege jurisdiction based upon the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. § 1346. Plaintiffs failed, however, to name United States as defendant, a jurisdictional requirement under the FTCA. See 28 U.S.C. §§ 1346(b), 2674, 2679. Plaintiffs additionally failed to demonstrate they exhausted their administrative remedies, also a jurisdictional requirement where plaintiffs seek damages for alleged negligent conduct by United States employees acting in the scope of their duties, as here. See 28 U.S.C. § 2675(a); (DE 1-1 at 2 ("A postal mail truck hit my park [sic] car, which is a hit run [sic], doing damage to my car 1994 camry LE.")).

Plaintiff Timothy Hall moves for leave to substitute the United States for defendant and to file video evidence, the former suggesting an effort to cure one pleading deficiency. (DE 5, 9, 10). However, even with that proposed amendment and evidence, plaintiffs' complaint remains deficient for failure to demonstrate administrative exhaustion. Plaintiffs' motions, construed as motions to amend the complaint, consequently must be denied as futile. See Katyle v. Penn Nat.

Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (providing courts may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards"). The court thus adopts the M&R and denies all pending motions as futile.

In sum, plaintiffs' pending motions are DENIED as futile (DE 5, 9, 10) and plaintiffs' action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close the case.

SO ORDERED, this the 3rd day of February, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge